**Howard GILLEN and Kathryn Gillen, Plaintiffs,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

No. 01–C–0010–C.

United States District Court, W.D. Wisconsin.

Dec. 18, 2001.

Daniel Arndt, Arndt, Buswell & Thorn, S.C., Sparta, WI, for plaintiffs.

Tomislav Z. Kuzmanovic, Hinshaw & Culbertson, Milwaukee, WI, for defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

In this civil action for monetary relief, plaintiffs Howard Gillen and Kathryn Gillen contend that defendant Life Insurance Company of North America denied disability insurance benefits to plaintiff Howard Gillen unreasonably, resulting in a breach of defendant's contractual duty and an intentional disregard of plaintiff's rights under the policy. Plaintiffs filed this action in the Circuit Court for La Crosse County, Wisconsin. Defendant removed the case to this court, asserting that because the claim is made properly under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001—1461, this court has federal question jurisdiction under 28 U.S.C. § 1331.

Presently before the court is defendant's motion for summary judgment. Because I find that plaintiff Kathryn Gillen lacks standing to assert these claims, that plaintiffs' claims are preempted by ERISA, 29 U.S.C. § 1144, and that plaintiffs have failed to establish plaintiff Howard Gillen's entitlement to disability benefits on the basis of the administrative record, I will grant defendant's motion for summary judgment.

Although plaintiffs filed a brief in response to defendant's motion for summary judgment, they did not respond to defendant's proposed findings of fact as required by this court's *Procedure to be Followed on Motions for Summary Judgment,* a copy of which was provided to the parties with the Preliminary Pretrial Conference Order entered on March 1, 2001. Rule II.A. states that "a party who elects to oppose the motion for summary judgment shall serve and file the following: (1) a response to the movant's proposed findings of fact...." Therefore, from defendant's proposed findings of fact that are supported properly and sufficiently by admissible evidence, I find the following

facts to be material and undisputed for the purpose of deciding this motion.

## FACTS

### A. *Parties*

Plaintiffs Howard Gillen and Kathryn Gillen are residents of La Crosse, Wisconsin. Defendant Life Insurance Company of North America is an insurance company doing business in Wisconsin.

### B. *Plaintiff's Long–Term Disability Benefits*

### 1. *Disability plan*

Plaintiff Howard Gillen was employed by Northern Engraving, Inc. as a tool and die maker until approximately June 1997. As an employee of Northern, plaintiff participated in Northern's Long–Term Disability plan, which was funded through a group insurance policy issued by defendant. The policy provides long-term disability benefits for eligible Northern employees.

According to the policy, "[s]atisfactory proof of Disability must be provided to [defendant], at the Employee's expense, before benefits will be paid." The policy establishes a two-phase eligibility requirement under which an employee receives disability benefits for 24 months if the employee is unable to perform the duties of his "own occupation." After 24 months, benefits continue only if the employee is unable to perform the duties of "any occupation."

On August 5, 1997, plaintiff Howard Gillen filed a claim for long-term disability benefits with defendant. Effective December 14, 1997, defendant approved the claim under the "own occupation" standard after determining that plaintiff was unable to perform his own occupation. Plaintiff received benefits for 24 months under the "own occupation" standard, with the final payment to be made on December 13,

1999. On June 29, 1999, when plaintiff's claim was approaching the 24–month point, defendant notified plaintiff that it would reevaluate the claim under the "any occupation" standard. On November 22, 1999, after further evaluation, defendant notified plaintiff that it would be discontinuing benefits under the "any occupation" standard because it had determined that plaintiff was not unable to perform any occupation for which he might reasonably qualify. On September 14, 2000, plaintiff appealed the denial of benefits.

In evaluating whether plaintiff Howard Gillen was unable to perform "any occupation," defendant relied on several reports: 1) a July 10, 1997 "Attending Physician's Statement of Disability" from plaintiff's treating physician, Dr. Joseph P. Vandenberg, in which Vandenberg indicated that plaintiff had a Class 3 impairment as defined in the Federal Dictionary of Occupational Titles and was capable of returning to light duty on July 1, 1997; 2) a December 21, 1998 report of a second disability examination in which Vandenberg confirmed the same limitations and stated that plaintiff's work activity would be limited to light duty; and 3) an August 24, 1999 report from Dr. Charles E. Gingarra of the Gundersen Lutheran Sports Medicine Center in which Gingarra issued an independent medical evaluation of plaintiff's alleged long-term disability, concluding:

It is my opinion that Mr. Gillen has reached his maximum medical improvement with reference to this left shoulder; however, I do think he could be improved with appropriate rehabilitation and treatment for his degenerative disc disease and his chondromalacia. It is my opinion he could not return to his job at Northern Engraving and he must be restricted to sedentary light duty only with no lifting greater than 10 lbs. Although I believe that further treatment would improve the function of his lower back and knees, I do not believe it would

appreciably change his overall disability status. I would agree with Doctor Vandenberg's findings in 1997 that Mr. Gillen is capable of sedentary light duty and he could safely participate in a functional capacity evaluation.

In addition, defendant considered an October 25, 1999 joint Labor Market Survey submitted by Labor Market Specialist David Shere and Senior Vocational Rehabilitation Counselor Lynn Longberg of Regain Disability Management Services. The Labor Market Survey listed positions that were within plaintiff's physical abilities and located within a 60–mile radius of his residence. It identified three employers with quality control inspector positions in the tool and die industry, for which someone with a tool and die making background, such as plaintiff, would qualify. Defendant also considered a second Labor Market Survey from Regain on November 2, 1999 that identified three additional positions for matrix inspector/inspector for which plaintiff would qualify.

2. *Plaintiff's Social Security benefits*

On September 21, 1998, the Social Security Administration made the following findings:

11. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, section 404.1569 and Rule 202.14, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12. Considering the claimant's additional nonexertional limitations within the framework of the above-cited rule 202.14, he cannot be expected to make a vocational adjustment to work which exists in significant numbers in the national economy.

The Social Security Administration concluded that plaintiff Howard qualified for Social Security disability benefits.

## OPINION

### A. *Summary Judgment Standard*

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Weicherding v. Riegel,* 160 F.3d 1139, 1142 (7th Cir.1998). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *Standing*

■ In a footnote to its brief in support of its motion for summary judgment, defendant contends that plaintiff Kathryn Gillen lacks standing to assert an ERISA claim for her husband's long-term disability benefits. Plaintiffs have not responded to defendant's contention. Instead, they have omitted Kathryn Gillen's name from the caption on several documents filed with this court. *See* dkts. # # 8, 16, 17, 19, 20, 21. On the basis of plaintiffs' failure to respond to defendant's argument and plaintiffs' omission of Kathryn Gillen's name on recent court documents, I conclude that plaintiffs are waiving any response to the standing argument as it relates to Kathryn Gillen. I will grant defendant's motion for summary judgment against plaintiff Kathryn Gillen.

### C. *Preemption*

■ The Employee Retirement Income Security Act "comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (citing 29 U.S.C. § 1002(1)). In this case, the parties agree that the long-term disability benefits at issue are part of an "employee benefit plan" governed by ERISA, 29 U.S.C. §§ 1001—1461. Defendant argues that because plaintiffs' breach of contract claims, tort claims and request for punitive damages are preempted by ERISA, 29 U.S.C. § 1144, the entirety of plaintiffs' complaint should be dismissed as a matter of law. Plaintiffs concede that the common law claims that do not fall within the ERISA civil enforcement provision are preempted by ERISA. However, they argue that the breach of contract claim challenging the denial of long-term disability benefits may be interpreted as an ERISA claim under ERISA's "civil enforcement clause," 29 U.S.C. § 1132(a)(1)(B), and should not be dismissed. Plaintiffs assert that "a complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8 of the Federal Rules of Civil Procedure ... a complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as 'relief is possible under any set of facts that could be established consistent with the allegations.'" *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1134 (7th Cir.1992) (internal citation omitted). Plaintiffs are correct. Because defendant had notice that plaintiffs' complaint involved plaintiff Howard Gillen's rights under his employee benefit plan, plaintiffs have sufficiently stated a claim for relief under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). Dismissing plaintiffs' complaint and requiring its amendment to state ERISA claims would serve only to delay the disposition of this case.

### D. Plaintiff's Claim for Long–Term Disability Benefits

#### 1. Standard of review

The denial of benefits under an employee benefit plan governed by ERISA may be challenged pursuant to 29 U.S.C. § 1132(a)(1)(B). The standard of review a court applies when reviewing a plan administrator's decision to deny benefits is controlled by *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Firestone*, the Supreme Court held that a plan administrator's denial of benefits must be reviewed *de novo* unless "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the benefits of the plan." *Id.* at 115, 109 S.Ct. 948. If the plan gives the administrator or fiduciary such discretionary authority, the court reviews the denial of benefits under the arbitrary and capricious standard. *See id.* This standard was clarified recently by the Court of Appeals for the Seventh Circuit in *Herzberger v. Standard Insurance Co.*, 205 F.3d 327 (7th Cir.2000). In *Herzberger*, the court upheld the presumption of plenary review, except where the language of the policy "indicates with the requisite if minimum clarity that a discretionary determination is envisaged" or where the "nature of the benefits or the conditions upon it will make reasonably clear that the plan administrator is to exercise discretion." *Id.* at 331.

Thus, in order to determine whether defendant's denial of plaintiff's long-term disability benefits was proper, it must first be determined whether the plan grants defendant sufficient discretionary authority to invoke the arbitrary and capricious standard. *See Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 379 (7th Cir. 1994). Although in *Herzberger*, the court was reluctant to announce the "magic words" that would establish that an admin-istrator had the requisite discretionary authority, the court concluded that "the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or satisfactory proof), does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Herzberger*, 205 F.3d at 332. Furthermore, "employees are entitled to know what they're getting into, and so if the employer is going to reserve a broad, unchanneled discretion to deny claims, the employees should be told about this, and told clearly." *Id.* at 333.

■ In this case, the relevant plan language is identical to the language the court found to require *de novo* review in *Herzberger*. The plan indicates simply that "[s]atisfactory proof of Disability must be provided to the Insurance Company, at the Employee's expense, before benefits will be paid." Accordingly, because the plan language does not make it "reasonably clear that the plan administrator is to exercise discretion," the denial of plaintiff's long-term disability benefits must be reviewed *de novo*. *Id.* at 331.

#### 2. Defendant's denial

■ In reviewing the defendant's denial of disability benefits *de novo*, the relevant inquiry is whether plaintiff Howard Gillen provided to defendant "satisfactory proof" that he "is unable to perform all the material duties of any occupation for which he is or may reasonably become qualified based on his education, training, or experience." Construing the undisputed facts in the light most favorable to plaintiffs, I find that plaintiff Howard cannot meet this burden.

In reaching its decision to deny plaintiff Howard Gillen long-term disability benefits under the "any occupation" standard, defendant relied on information that indicated that plaintiff was capable of performing sedentary light duty work. Defendant reviewed the July 10, 1997 and December 21, 1998 evaluations by plaintiff's treating physician, Dr. Vandenberg, and the August 24, 1999 evaluation by Dr. Gingarra. Defendant also relied on the decision by the Social Security Administration that acknowledges plaintiff's "exertional capacity for light work" and a Labor Market Survey of employment positions that fell within plaintiff's physical abilities and a 60-mile radius of his residence. In response, plaintiff does not submit any facts to refute his ability to perform light duty work or otherwise establish that under the policy, "he is *unable to perform all the material duties of any occupation* for which he is or may reasonably become qualified based on his education, training, or experience." Instead, plaintiff argues that there is no way to verify whether he would qualify for the positions identified by the Labor Market Survey or whether those positions were vacant. However, the plan administrator may base a decision to deny or extend disability benefits on the "any occupation" standard and not on the likelihood of plaintiff's employment. Defendant had sufficient evidence establishing that plaintiff was capable of sedentary light duty work. Plaintiff failed to provide defendant with "satisfactory proof" that he is unable to perform "any occupation" for which he would reasonably qualify.

The September 28, 1998 decision by the Social Security Administration to award Social Security disability benefits to plaintiff is not dispositive of this issue. As plaintiff acknowledges, the decision by the Social Security Administration does not bar this court from determining whether defendant denied benefits properly according to the "any occupation" standard particular to the policy issued by defendant. Pltf.'s Br. in Opp. to Mo. for Sum. Jmt., dkt. # 16, at 8. The Social Security Administration acknowledged plaintiff's ability to perform light work, but on the basis of additional, nonexertional limitations concluded that plaintiff "cannot be expected to make a vocational adjustment to *work which exists in significant numbers* in the national economy." The standard applied by the Social Security Administration is distinct from defendant's "any occupation" standard which does not require that plaintiff be able to adjust to "work which exists in significant numbers." Moreover, in reaching its decision to deny benefits, defendant relied on evidence subsequent to the September 1998 Social Security Administration decision indicating plaintiff's ability to perform light duty work. Defendant reviewed the December 21, 1998 evaluation by Dr. Vandenberg as well as the August 24, 1999 evaluation by Dr. Gingarra. Defendant also relied on the October 25, 1999 and November 2, 1999 Labor Market Surveys identifying employment positions within plaintiff's physical abilities.

On the basis of the undisputed facts, I find that the administrative record supports the conclusion that it was not unreasonable for defendant to deny the extension of plaintiff's disability benefits under the "any occupation" standard provided by the plan. Defendant's motion for summary judgment against plaintiff Howard Gillen will be granted.

## ORDER

IT IS ORDERED that defendant Life Insurance Company of North America's motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 18th day of December, 2001.